IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-2349 |
| HOLLY HOOVER, N.P., *et al.*, | * | |
| Defendants. | *** | |

## MEMORANDUM

On August 14, 2020, Mich Aurel, a prisoner confined at the North Branch Correctional Institution, filed this civil rights action (ECF 1), accompanied by a motion for leave to proceed in forma pauperis (ECF 2). Aurel seeks to be transferred to an outside hospital for an independent medical evaluation, diagnosis, and treatment and seeks $5,000,000 plus punitive damages. ECF 1 at 11.

Aurel claims that he has been denied medical care for numerous conditions and that his sick call slips have been destroyed by defendants. He provides a summary list of his medical problems as follows: pain in heart, shortness of breath, fatigue, limitation of physical activity, light headedness and fainting, numbness and changes in color, high and low blood pressure, orthostatic hypotension, heart failure, heart valve disorders, coronary artery disease, denial of E.C.G. testing, pain across chest, abdominal pain, lower back pain, kidney pain, nerve damage, skin rash, joint pain, and dry skin. ECF 1 at 4.

Aurel has filed roughly 50 actions in this court over the past nine years, including numerous matters related to his medical care. In three of the cases that Aurel filed, he was granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915(a). The cases were dismissed as frivolous or for failure to state a claim. Aurel has repeatedly been notified that the

dismissals constituted "strikes" under § 1915(e),[1] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

As Aurel's case is subject to review under 28 U.S.C. § 1915(g), he may not proceed in this action unless he (1) submits the $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury.

Aurel provides conclusory allegations to support his position that he is in imminent danger. He states: "I have serious physical harm; I am murder slow bae [sic] all the defendant'sss [sic] … I am in imminent danger of serious physical harm every day… I'm being harmed every day, and I am in pain 24/7.  I have suffered irreparable harm to my Body/Organs." ECF 1 at 3, 5, 6.

---

[1] *See, e.g., Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. Gainer, et al.*, Civil Action No. ELH-15-1750; *Aurel v. Jones, et al.*, ELH-15-1928; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0850; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0851; *Aurel v. Vanskiver*, Civil Action No. ELH-19-2756; *Aurel v. Kammauf, et al.*, Civil Action No. ELH-20-0511; *Aurel v. Hoover, et al.*, Civil Action No. ELH-20-1339; and *Aurel v. Hallworth*, ELH-20-1340.

[2] Specifically, §1915g) mandates that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court notes Aurel's extensive litigation regarding claims of inadequate medical care. At the time this action was filed, there was a case pending that had consolidated two of Aurel's cases alleging inadequate medical care. *See Aurel v. Hallworth*, et al., ELH-19-0185 (ECF 10; ECF 43) and *Aurel v. Corizon Health Services, Inc., et al.*, ELH-19-2253.  In the consolidated action (hereinafter, "*Hallworth*"), Aurel alleged that defendants denied him adequate medical treatment for numerous illnesses and health conditions, as follows: pain in his right lower back, right shoulder, right side, liver, abdomen; nerve damage; difficulty swallowing; throat and tongue infections; hoarseness; lumps in his neck; numbness on the right side;  constipation; blood in stool; ulcers; Crohn's disease or colon cancer; inability to urinate; hypertrophy and enlarged prostate; prostate cancer; hyperthyroidism with dry skin and itching. *Hallworth*, ECF 1 at 3-7; ECF 43 at 3.

Additionally, the consolidated action was originally stayed pending resolution of yet another medical care case, *Aurel v. Pierce, et al.*, Civil Action No. ELH-18-2463 (hereinafter, "*Pierce*"), because of the similarity of issues. *See Hallworth*, ECF 8.  Aurel alleged in *Pierce* the following untreated medical conditions: abdominal pain; constipation; a colon infection; blood in stool; an ulcer; infections of the kidneys, stomach, liver, blood, urinary tract, pancreas and large and small intestines; pain in the right hip, right shoulder, and lower back; inability to urinate; prostate and thyroid cancer; liver pain; a liver cyst; throat, neck and chest pain; hoarseness; hypothyroidism; shortness of breath; swollen lymph nodes; and nerve pain. *Pierce* was dismissed on the defendants' motions to dismiss and for summary judgment. *Id.*, ECF 31.

The stay in *Hallworth* was subsequently lifted.  On September 10, 2020, *Hallworth* was dismissed on the defendants' motions to dismiss and for summary judgment. *Id.*, ECF 40.

3

Aurel's medical care concerns have been addressed in additional litigation, including *Aurel v. Wexford, et al.*, Civil Action ELH-15-1127, consolidated with ELH-15-1797 (granting summary judgment to medical defendants; complaints of abdominal, throat and chest pain, coughing, blurred vision, vomiting, blood in stool, constipation, weakness, ear pain, cancer of the throat, stomach, pancreas, gallbladder, eye and liver); *Aurel v. Wexford, et al.,* Civil Action ELH-16-1293 (granting summary judgment to medical defendants; complaints of lower back and head pain stemming from 2009 fall, destruction of sick call requests, and denial of back brace); *Aurel v. Wexford, et al.,* Civil Action ELH-18-1251 (granting summary judgment to medical defendants; complaints of lower back pain, abdominal pain, throat pain, tongue infection, thyroid, liver, prostate and colon cancers, gastrointestinal problems, including constipation, ulcers and blood in stool, and hepatitis A & B infection).

There is no basis for granting Aurel review of his current claims under the § 1915(g) exception. He filed the instant action while his medical care complaints were being assessed in *Hallworth*. In *Hallworth*, the court found in defendants' favor on all claims. Aurel's allegations herein are insufficient to allege imminent danger of serious physical harm.

Aurel is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. In the alternative, a complaint filed with an indigency application must demonstrate that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his Complaint shall be dismissed, without prejudice, by separate Order.

Date: November 5, 2020                     /s/
                                           Ellen L. Hollander
                                           United States District Judge